UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of a Subpoena Regarding:

24-080-04

No. ___24-mc-35___

**APPLICATION FOR ORDER COMMANDING BLOCK NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA**

Regarding Subpoena No.: 2024R00120-002

The United States, through Assistant United States Attorney Elizabeth A. Ebert, hereby requests that the Court order Block not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena) of the existence of the attached subpoena for a period of 90 days, subject to renewal, or until further order of the Court.

Block is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires Block to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

There is probable cause to believe that there exists information associated with the SUBJECT ACCOUNT that constitutes evidence or instrumentalities of criminal violations pertaining to certain activities relating to 18 U.S.C. § 2251 (Sexual Exploitation of Children).

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation

is stored electronically.  If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the order filed herewith directing Block not to disclose the existence or content of the attached subpoena, for a period of 90 days, subject to renewal, or until further order of the Court, except that it may disclose the attached subpoena to its attorney for the purpose of receiving legal advice.

Dated this 18th day of March, 2024.

ALISON J. RAMSDELL
United States Attorney

Elizabeth A. Ebert
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone:  (605)357-2343
Facsimile:  (605)330-4410
E-Mail: Elizabeth.Ebert@usdoj.gov

In the Matter of a Subpoena Regarding:    No. ___24-mc-35_____

24-080-04                                  **ORDER COMMANDING BLOCK NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA**

Regarding Subpoena No.: 2024R00120-002

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an order commanding Block, an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena of the existence of the attached subpoena until further order of the Court.

The Court determines that there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving target(s) an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that Block shall not disclose the existence of the attached subpoena, or this order of the Court, to the listed subscriber or to any other person, for a period of 90 days, subject to renewal, or until otherwise authorized to do so by the Court, except that Block may disclose the attached subpoena to its attorney for the purpose of receiving legal advice.

Dated: ___March 18, 2024_____

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge